Case No. 22-10983

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

In the Matter of:  Highland Capital Management, L.P.,

    Debtor

_____

The Dugaboy Investment Trust,

    Appellant

v.

Highland Capital Management, L.P.,

    Appellee

_____

### THE DUGABOY INVESTMENT TRUST'S REPLY BRIEF
_____

Appeal from the United States District Court for
The Northern District of Texas, Dallas Division,
Honorable Brantley Starr; USDC No. 3:21-CV-01295-X


Douglas S. Draper, Esq.
**HELLER, DRAPER & HORN, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone:  (504) 299-3300
Facsimile:  (504) 299-3399

**ATTORNEYS FOR APPELLANT
THE DUGABOY INVESTMENT TRUST**

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 2 |
|  | A. Highland's "Control Rights" Did Not Convert Multi-Strat's Assets Into Assets Of The Estate | 2 |
|  | B. All Of Appellee's Other Arguments Are Without Merit | 3 |
| III. | CONCLUSION | 6 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Beck Indus., Inc.*,
    479 F.2d 410 (2d Cir. 1973) ................................................................................3

*In re Guyana Dev. Corp.*,
    168 B.R. 892 (Bankr. S.D. Tex. 1994) ................................................................3

*Natixis Funding Corporation v. GenOn Mid-Atlantic, L.L.C.*,
    42 F.4th 523 (5th Cir. 2022) ................................................................................5

*In re Thomas*,
    2020 Bankr. LEXIS 1364 (Bankr. W.D. Tenn. May 8, 2020) ............................2

## INTRODUCTION

The responsive brief ("Appellee Brief") filed by Debtor Highland Capital Management LP ("Appellee" or "Highland") both mischaracterizes critical facts and fails to properly apply the law to the actual facts at issue. As explained below in greater detail, there are several critical problems with Appellee's arguments.

As an initial matter, there is no authority for Appellee's tortured argument that the assets of Multi-Strat—a non-debtor entity that is not a subsidiary of Highland—are somehow assets of the estate. That Appellee may have had some indirect right to manage Multi-Strat's investments does not magically convert Multi-Strat's assets into assets of the estate.

Appellee's other arguments fare no better. Appellee contends that the Bankruptcy Court had jurisdiction to approve the settlement between UBS and Multi-Strat (the "Settlement") because Highland was a party to the Settlement. But there was no legitimate reason for Highland to enter into a three-way settlement involving Multi-Strat. Highland only did so as an excuse to use Multi-Strat's assets for its own benefit, and it did so without ensuring Multi-Strat had independent counsel to protect its interests and those of its investors. A debtor should not be permitted to create bankruptcy court jurisdiction in this manner.

Appellee also argues that the Bankruptcy Court had jurisdiction to approve the Settlement because the Settlement had an impact on the estate. But again, that

impact was manufactured by Highland. UBS's state court judgment was not a judgment against Highland, which is precisely why the Debtor strenuously objected to UBS's proofs of claim. And the judgment obtained by UBS against Multi-Strat had no impact on Highland's estate. At the time of the Settlement, UBS had made no effort (other than filing baseless proofs of claim) to collect the Multi-Strat judgment from Highland. As a result, UBS's settlement with Multi-Strat was in no way "related to" the bankruptcy.

In short, Appellee's arguments are without merit and should be rejected. The District Court's decision affirming the Bankruptcy Court's exercise of jurisdiction over and approval of the Settlement between UBS and Multi-Strat should be overturned.

## ARGUMENT

### A. Highland's "Control Rights" Did Not Convert Multi-Strat's Assets Into Assets Of The Estate

One of Appellee's core arguments is that the Bankruptcy Court had jurisdiction over the Settlement because Highland's "right to manage and control Multi-Strat" was an asset of the estate. Appellee Br. at 7. This argument makes no sense and is unsupported by law. The only case cited by Appellee, *In re Thomas*, lends no support to Appellee's untenable proposition. *See* Appellee Br. at 9 (citing *In re Thomas*, 2020 Bankr. LEXIS 1364, *31 (Bankr. W.D. Tenn. May 8, 2020). There, the Court held only that a debtor's membership rights in another entity are

property of the bankruptcy estate. *Id.* And the law is clear that, even in the case of a debtor's wholly-owned subsidiary—which Multi-Strat is not—the debtor's ownership interest in a subsidiary may be property of the estate, but the subsidiary's property or other assets are not. *See In re Guyana Dev. Corp.,* 168 B.R. 892, 905 (Bankr. S.D. Tex. 1994); *In re Beck Indus., Inc.*, 479 F.2d 410, 415 (2d Cir. 1973) (even total ownership of a subsidiary's stock "is not the equivalent of ownership of the subsidiary's property or assets"). The Settlement involved an exchange of assets only from Multi-Strat to UBS, assets that are not part of the bankruptcy estate, regardless of Appellee's rights to manage or control Multi-Strat's investments.

**B.     All Of Appellee's Other Arguments Are Without Merit**

Appellee's other arguments about Bankruptcy Court jurisdiction are also wrong. In particular, Appellee argues that the Bankruptcy Court had jurisdiction over the Settlement because Highland was a party to the agreement. Appellee Br. at 12. Appellee also argues that there was jurisdiction because the Settlement affected its assets and its "ability to satisfy its obligations under the plan." *Id.* at 13. Appellee is wrong on both fronts.

First, Highland was not a required party to the Agreement between UBS and Multi-Strat. Highland inserted itself into the Settlement to resolve separate claims between itself and UBS using Multi-Strat's assets, and to manufacture Bankruptcy Court jurisdiction over the Agreement. Indeed, Appellee's description of the Settlement as one that was "reached" by Appellee, Multi-Strat, and UBS, Appellee

3

Br. at 4, is a gross oversimplification. Notably, Appellee does not dispute that Multi-Strat is an independent, non-debtor third-party. *See* Appellant's Opening Br. at 12-13. Nor does Appellee dispute that Multi-Strat *was not represented* by independent counsel during the negotiation of the settlement. *See id*. Appellee nonetheless asserts that the three-way Settlement was proper, and necessary, because the Settlement could only be effectuated by Highland as the investment manager for Multi-Strat. Appellee Br. at 4. This assertion is completely false. While it may be true that Appellee had rights to manage Multi-Strat's investments, Appellee has not pointed to anything in management agreement involving Multi-Strat (and there is none) that would require Appellee to be a party to a settlement between Multi-Strat and UBS.

Second, the Settlement between UBS and Multi-Strat had no conceivable impact on Highland's estate because UBS's state-court judgment was awarded to UBS *against Multi-Strat*, not Highland. ROA.22-10983.783. To be clear, the underlying litigation between UBS and Multi-Strat did not result in any judgment against Highland, and Highland objected to UBS's proofs of claim on this very basis. ROA.22-10983.1329-1364. Nor did the judgment involving Multi-Strat permit UBS to execute that judgment against Highland, absent a separate state-court proceeding outside of the bankruptcy, which UBS did not initiate at any time prior to the Settlement or plan confirmation.

Further, the main case Appellee cites in support of its position, *Natixis Funding Corporation v. GenOn Mid-Atlantic, L.L.C.*, 42 F.4th 523 (5th Cir. 2022), is inapposite. There, unlike here, the non-debtor party to the agreement at issue was a wholly-owned subsidiary of the debtor. *Id.* at 530. Further, in *Natixis*, unlike here, the debtor and its subsidiary were both parties to the underlying dispute, and all three parties *independently* agreed to release all claims against each other. *Id.* at 531. And the subsidiary itself argued that a subsequent lawsuit in state court would negatively impact the debtor's estate. Here, Multi-Strat made no such argument (and was in fact constrained from doing so because Highland did nothing to ensure Multi-Strat had independent representation or an independent voice in the transaction). In addition and critically, Appellee has pointed to no evidence of record that the severance of Multi-Strat from the Settlement would have impacted Highland's ability to settle UBS's objectionable proofs of claim. Under these very different facts, the Bankruptcy Court lacked "related-to" jurisdiction.

Finally, Appellee's arguments about the "nexus" between the Multi-Strat settlement and the bankruptcy estate are even more suspect given the obvious conflict of interest between Highland and Multi-Strat (and its investors). Highland should have made sure that Multi-Strat was independently represented in negotiations with UBS (rather than covering this failure with a false representation to the contrary in the Settlement). ROA.22-10983.823, § 11. Instead, Highland single-handedly made the decision for Multi-Strat to pay UBS $18.5 million in

return for a release from UBS of all claims against Highland and a release from Multi-Strat of all claims against UBS. ROA.22-10983.815-817; ROA.22-10983.818-20. Highland used its position as Multi-Strat's manager to use Multi-Strat's assets as Highland's personal piggy bank—assets that were in no way assets of the estate—solely to benefit the Debtor. Under these circumstances, the Bankruptcy Court did not have jurisdiction to approve the Settlement between UBS and Multi-Strat.

## **CONCLUSION**

For all of the reasons set forth herein and in Appellant's Opening Brief, Appellant Dugaboy respectfully requests this Court reverse the District Court's order affirming the Bankruptcy Court's Settlement Order granting *Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG London Branch and Authorizing Actions Consistent Therewith*, and, in particular, find that the Bankruptcy Court did not have jurisdiction to approve the Settlement between Highland Multi-Strategy Credit Fund, L.P., and UBS Securities, LLC and UBS AG London Branch. In addition, Appellant Dugaboy requests all further relief that the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 3rd day of March 2023.

                    **HELLER, DRAPER & HORN, L.L.C.**

By: */s/ Douglas S. Draper*
     Douglas S. Draper
     650 Poydras Street, Suite 2500
     New Orleans, LA 70130
     Telephone: (504) 299-3300
     Fax: (504) 299-3399
     Email: ddraper@hellerdraper.com

**ATTORNEYS FOR APPELLANT,
THE DUGABOY INVESTMENT TRUST**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this, the 3rd day of March 2023, a true and correct copy of the foregoing document was served on the counsel of record below via electronic service.

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE AND TYPE-STYLE REQUIREMENTS**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) in that this brief contains 1721 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-point type for text and Times New Roman 12-point type for footnotes.

Dated: March 3, 2023.

                                          By: /s/ Douglas S. Draper
                                              Douglas S. Draper, Esq.